UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BANKERS STANDARD INSURANCE COMPANY as subrogee of Jerry and Norma Ferguson, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:13-cv-00214-PPS-CAN |
| TERRANCE HEISLER d/b/a Heisler Construction, | ) ) ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

Discovery closed in this case and the magistrate judge filed a notice to that effect on May 29, 2015. The parties had other ideas, and have filed multiple discovery-related motions since then. This Order addresses Plaintiff Bankers Standard Insurance Company's motion to deem its fourteenth request for admission admitted by the sole remaining defendant, Terrance Heisler d/b/a Heisler Construction. (Docket Entry 133.) The motion is fully briefed, and is now ripe for decision. (*See* DE 135, 136.)

This Order addresses a discrete issue, and a full rundown of the case isn't necessary. In short, Bankers Standard insured a house that burned down and paid out a lot of money on the claim. It filed this suit to recover against the builders. Most of the defendants have been voluntarily dismissed from the case. Defendant Terrance Heisler d/b/a Heisler Construction remains. During the planning for the house, it was decided that parts of the roof and gutters should be heated to prevent snow and ice buildup. The roof heating system was turned on for the first time around January 18, 2012, and

around January 19 the house caught fire, causing substantial financial loss. The dispositive issues, then, are (1) what caused the fire and (2) who is responsible. Heisler was an electrical sub-contractor to a former co-defendant, Elite Contracting, and allegedly worked on the installation of the roof and gutter heating systems. (DE 70, Third Amended Complaint.)

Federal Rule of Civil Procedure 36 allows a party to ask another party to admit the truth of any discoverable matters relating to "facts, the application of law to fact, or opinions about either."

In March 2014 Bankers Standard issued Amended Rule 36 Requests for Admissions, listing 14 RFAs. Heisler promptly responded, admitting to 1 through 13, and saying he didn't have sufficient information to admit or deny 14. RFA 14 states: "The source of ignition for the fire was the energized roof heating system in the area of origin." (DE 133 at 2.) After expert discovery, Bankers Standard asked Heisler in 2015 to amend his response to 14. Heisler did so, quoting an expert and admitting that the expert had said various things – the likely cause of the fire, and potential causes that probably weren't the actual cause. But Heisler did not flat-out admit that the heated roof ignited the fire. That, of course, goes to the first of the two main issues in the case – what caused the fire.

Bankers Standard argues that I should deem RFA 14 admitted because it is "the logical conclusion that follows" from RFAs 1 through 13. RFAs 1 through 13 address technical electrical issues involving "the Q-Tran transformer," heat coils, circuit

2

breakers (and whether they were open or closed), "branch circuit wiring," burning wire insulation, arcing power, and similar matters. All sorts of interesting things may logically follow from these facts, but that's what the parties will have to spell out, either to me in motions for summary judgment or to a jury at trial. The experts seem to have applied a differential diagnosis approach to determining causation here: the Guide for Investigation of Fires and Explosions says that "[i]f one remaining hypothesis is tested using the scientific method and is determined to be probable, then the cause of the fire is identified." (DE 133 at 4.) While that's very nice for fire investigators and I won't presume to tell them their business, it's not a standard that is binding on courts of law, and this standard of deduction and probability via the scientific method may well not meet the applicable legal standard for liability. Even if it does, that's a question for the factfinder to decide based on the evidence – it's not a statement I'm going to put into Heisler's mouth.

What the experts (for both sides) have said is that various other things wouldn't have caused the fire, and it's *probable* that the roof heating system caused it. But experts have tried to recreate the fire and haven't succeeded, so there's no proof positive that the heating system caused the fire, either. "Probable" isn't "definite," and Rule 36 requires parties to admit the *truth* of true statements in RFAs, not the *high probability* of statements in RFAs. RFA 14 doesn't ask Heisler to admit that it's highly probable that the roof heater caused the fire, or that the experts agree that it's highly probable. It's

3

unacceptably imprecise for me to decide at this point that the probable cause of the fire was the actual cause of the fire, and to require Heisler to say so, too.

Plaintiff Bankers Standard Insurance Company's motion to deem RFA 14 admitted by Defendant Terrance Heisler d/b/a Heisler Construction is therefore **DENIED**. (DE 133.)

    **SO ORDERED**.

    ENTERED: August 12, 2015

/s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**